[Crim. No. 1140.   Department Two.—August 1, 1904.]

THE PEOPLE, Respondent, v. GUSTAVE MAJOINE, Appellant.

CRIMINAL LAW—BURGLARY—JOINT CONVICTION—EVIDENCE—DISCRETION.—Where the appellant, with another person accused of the same crime, was convicted of burglary, it was in the discretion of the court to allow a witness who had testified to a conversation with such other defendant to testify on redirect examination as to another conversation with him.

ID.—REFRESHING MEMORY OF WITNESS—HARMLESS RULING.—Where passages read to a witness from his testimony taken at the preliminary examination were permitted to be read by the district attorney for the purpose of refreshing the memory of the witness, the ruling, if deemed erroneous, was harmless, where it appears that the passages read could not have prejudiced the accused.

ID.—CROSS-EXAMINATION OF DEFENDANT—QUESTION AS TO CONVICTION OF FELONY—NEGATIVE ANSWER.—Upon the cross-examination of the defendant, a question of the district attorney as to whether he

had been convicted of a felony could not, if improper, have done
the defendant any harm, where the question was answered in the
negative.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion.

M. Walter Dinkelspiel, J. M. Mannon, Jr., and Benjamin I.
Block, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy
Attorney-General, for Respondent.

SMITH, C.—The appellant, with one Gerard, was convicted
of burglary; and appeals from the judgment and from an
order denying his motion for a new trial. The only points
made by his counsel are: 1. Misconduct of the district attor-
ney on the trial prejudicial to the accused; 2. That the district
attorney was permitted on the trial to read from the testimony
of a witness given at the preliminary examination for the
purpose of refreshing his memory; and 3. That a witness who
had testified as to a conversation with the defendant Gerard
was permitted on redirect examination to testify as to another
conversation.

These objections, with perhaps one exception, are of a trivial
character. As to the last point, the matter was within the
discretion of the court. (*People* v. *Benc,* 130 Cal. 165.) As
to the second—if there was error—there was nothing in the
passages read to the witness from his previous testimony that
could have prejudiced the accused. As to the remaining point
(under which there are several specifications) we see nothing
reprehensible in the conduct of the district attorney, unless
it was in asking the defendant when testifying as a witness
on his own behalf whether he had not been convicted of a
felony. And as to this it is unnecessary to express an opinion,
as it is clear that the question—which was answered in the
negative—could have done the defendant no harm.

We advise that the judgment and order appealed from be
affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.