[Crim. No. 16.    Second Appellate District.—August 16, 1905.]

THE PEOPLE, Respondent, v. HARRY GREEN, Appellant.

CRIMINAL LAW—ASSAULT TO COMMIT RAPE—SIMPLE ASSAULT.—On a prosecution for an assault to commit rape the defendant may be convicted of a simple assault. In the present case the evidence is sufficient to sustain the verdict of simple assault.

ID.—INSTRUCTIONS WITHOUT PREJUDICE.—On such a prosecution, where the defendant was convicted of simple assault, instructions relating only to the higher offense, whether erroneous or otherwise, are without prejudice.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Lafayette Gill, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

GRAY, P. J.—On a charge of assault with intent to commit rape upon a girl under the age of consent, the defendant was convicted of simple assault and sentenced to forty-five days in the county jail. He appeals from the judgment and from an order denying him a new trial.

At the request of defendant the jury were instructed that they could find the defendant guilty of simple assault.

The evidence consisted principally of the testimony of the prosecutrix, setting forth facts which, if fully believe, should have satisfied the jury that the defendant was guilty of the very crime charged in the information, and the testimony of defendant in denial of the more material parts of the testimony of the prosecutrix. It is clear that if the defendant had been convicted of the greater crime of assault with intent to commit rape, such verdict would on appeal have been treated as supported by the evidence. It is also clear that the evidence of the attempt to ravish contained in the record showed that such attempt was instituted with a violent assault and battery, and involved a continuous violent assault from its beginning up to the time the attempt was abandoned, on the approach of the mother of the girl. It is clear on the testimony of the prosecutrix that the defendant assaulted her, and it was none the less an assault because the defendant may have intended also to effect a sexual connection with her. An assault with intent to ravish, committed as indicated by the testimony of the prosecutrix herein, always includes an assault. It was for the jury to say whether this assault was accompanied by the intent necessary to constitute the higher crime. By finding the defendant guilty of simple assault, the verdict shows us that the jury saw fit to believe only that part of the story of prosecutrix that established an assault, and rejected everything that indicated an intent to ravish, refusing to draw any inference of a felonious purpose on the part of defendant. This the jury had the power to do. There is no rule of law requiring the verdict of a jury to be absolutely consistent, according to the ideas of the appellate court. It is the province of the jury to draw their own conclusions from the evidence, and where, as here, they are instructed that they may do so, it is for them to say that the defendant is guilty of one crime and not guilty of another, as they see fit. And this court will only interfere with a verdict of guilty of assault where there is no evidence showing that an assault was committed. An indecent assault always embraces a simple assault, on the theory that the greater includes the less.

I Cal. App.—28

Complaint is made as to many instructions of the court in relation to the age of the prosecutrix, defining the higher crime charged, as to the consent or want of consent of the prosecutrix, as to sexual intercourse with other men, etc. All these instructions related only to the higher offense. The defendant was acquitted of that offense, and we are at a loss to understand how instructions relating only to a crime of which defendant was acquitted can be said to have harmed him. Therefore, we will not stop to consider whether such instructions were erroneous or otherwise.

There was no instruction given relating to the crime of simple assault that was in any degree erroneous. In instruction XI, given at the request of defendant, the jury were given clearly to understand that they must be satisfied beyond a reasonable doubt of his guilt before they could convict him of simple assault. In instruction V they were also told that "to warrant a conviction of the defendant, he must be proved to be guilty so clearly and conclusively that there is no reasonable theory upon which he can be innocent." The appellant is mistaken in assuming that the court did not inform the jury that before they would be warranted in convicting of assault they must be satisfied from the evidence that such an offense was committed.

Nor was there anything contained in any of the instructions that would mislead or confuse, or lead the jury into error concerning the crime of which the verdict convicts him.

Appellant is also mistaken in his assumption that instruction X as proposed by him was intended to apply to a simple assault, or to in any way guide the jury in its determination as to whether they would return a verdict of guilty of simple assault. The word "assault" in that instruction is never used by itself, but in all instances in connection with "to commit rape upon," or "to have sexual intercourse with the prosecutrix by the defendant." It applies only to the higher crime charged in the information, and, as we have already seen, the defendant having been acquitted of that crime, the giving or refusing of it, or the qualifying of it by the court, worked no injury to the defendant.

The judgment and order are affirmed.

Smith, J., and Allen, J., concurred.