[Crim. No. 94. Second Appellate District.—August 8, 1908.]

## THE PEOPLE, Respondent, v. WILLIAM R. IZLAR, Appellant.

CRIMINAL LAW—ORDER REFUSING TO SET ASIDE INFORMATION—REVIEW UPON APPEAL.—An order refusing to set aside an information is not appealable, but may be reviewed upon a bill of exceptions on appeal from the judgment.

ID.—RECORD ON MOTION—BILL OF EXCEPTIONS—EXCERPT FROM TRANSCRIPT—JUSTICE'S DOCKET—INFORMATION OF RIGHTS—VERITY.— Where the record on the motion to set aside the information for want of legal commitment, as shown by the bill of exceptions, consists of an excerpt from the transcript of testimony on preliminary examination, stating that "the defendant appeared in court, unaccompanied by counsel," and a copy of the justice's docket, showing that defendant was "arraigned on said charge and informed of all his rights," the bill of exceptions imports absolute verity, which is not affected by the fact that the justice's docket was inserted by way of amendment to the bill.

ID.—REMEDY OF DEFENDANT.—Section 1174 of the Penal Code which provides for the settlement of a bill of exceptions provides also relief for a party who has refused to settle the bill according to the facts; and where the defendant did not avail himself of this remedy, the settled bill of exceptions must be taken as absolutely true upon appeal.

ID.—SERVICE OF AMENDMENTS BY DISTRICT ATTORNEY NOT REQUIRED—FACT OF AMENDMENT SUFFICIENT.—No preparation and service of amendments by the district attorney to the bill of exceptions is required by section 1174 of the Penal Code; but the physical fact is sufficient that the amendment was present, and was incorporated in the bill by the court.

ID.—SUFFICIENCY OF RECORD INDEPENDENT OF DOCKET—INFORMATION OF RIGHTS NOT NEGATIVED.—The excerpt from the transcript of evidence shows on its face that it is not all of the proceedings before the magistrate, and if a stipulation in the record that the transcript of the proceedings shows nothing else except the taking of the testimony as to the holding of the defendant to answer to the superior court, takes the place of a certificate by the reporter, such certificate is only *prima facie* evidence, and it does not negative the fact (independently of the docket inserted) that the court fully informed the defendant as to all of his rights, including his right to counsel, and the court was justified in denying the motion on that ground.

ID.—CHARGE OF ASSAULT WITH DEADLY WEAPON WITH INTENT TO COMMIT MURDER.—A charge of an assault with a deadly weapon with intent to commit murder does not charge more than one offense, and a demurrer thereto was properly overruled.

ID.—NAME GIVEN TO OFFENSE IMMATERIAL.—The name given to an offense is not material if the facts charging an offense be clearly stated.

ID.—CONVICTION OF MINOR OFFENSE INCLUDED—REFUSAL OF REQUESTED INSTRUCTIONS RENDERED HARMLESS.—Where the conviction was of the minor offense, included in the charge, of an assault with a deadly weapon, requested instructions relating solely to what was necessary to establish the intent to commit murder, and as to the definition of murder and manslaughter, became immaterial, and their refusal was rendered harmless and nonprejudicial.

ID.—REQUESTED INSTRUCTION AS TO SELF-DEFENSE PROPERLY REFUSED. A requested instruction as to self-defense, based upon defendant's mere belief that he was in danger of suffering bodily harm and injury from the prosecuting witness, which eliminated all elements of the character of the injury threatened, and the reasonableness of the belief upon defendant's part, was properly refused.

ID.—NONPREJUDICIAL ERROR IN CROSS-EXAMINATION—PROPER SCOPE—UNCONTROVERTED FACT OTHERWISE PROVED.—Error in overruling

a question put to one of the witnesses for the prosecution on cross-examination, which was within its proper scope, to elicit the fact that defendant was intoxicated at the time of the shooting, was nonprejudicial where that fact was established by other witnesses and was not controverted.

ID.—CONDUCT OF DISTRICT ATTORNEY—REFRESHING MEMORY OF WITNESS — TESTIMONY ON PRELIMINARY EXAMINATION.—The court properly allowed the district attorney to attempt to refresh the memory of a witness for the prosecution by reading to him his testimony taken at the preliminary examination, to the end that the witness and his present evidence might be put fully before the jury.

ID.—GOOD FAITH OF DISTRICT ATTORNEY.—Where the matter elicited did not prejudice the defendant, and there was no pretense of making such a refreshing of memory a subterfuge to get before the jury incompetent evidence and statements tending to make a case for the people, but the prosecution was not strengthened by the matter read, no good reason appears for impugning the motives or good faith of the district attorney in seeking to refresh the memory of the witness.

APPEAL from an order of the Superior Court of Kern County, refusing to set aside an information, and from a judgment, and order denying a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Appeals from an order denying a motion to set aside an information, a judgment of conviction of the crime of assault with a deadly weapon, and an order denying a motion for a new trial. The first order is not appealable (Pen. Code, secs. 1237, 1238), but the objection to it may be considered under the appeal from the judgment.

Defendant was informed against for the crime of "assault with a deadly weapon with intent to commit murder." Upon arraignment he moved to set aside the information upon the ground that he had not been legally committed by a magistrate. (Sec. 995.) In support of this motion he con-

tends that he was not informed of his right to counsel upon the preliminary examination. As disclosed by the bill of exceptions, the motion was made on "all the papers on file in the case and specifically the transcript of the proceedings taken at the preliminary examination." The record on the motion consists of an excerpt from the transcript of testimony taken by the shorthand reporter at the preliminary examination and a certified copy of the docket of the justice before whom the examination took place.

There is a recital in the portion of the transcript read that "the defendant appeared in court, unaccompanied by counsel." It contains no statement that defendant was advised of his right to counsel, and is followed in the record by stipulation that the transcript of the proceedings before the magistrate "shows nothing aside from the above except the taking of the testimony and the holding of the defendant to answer to the Superior Court." The justice docket contains the entry, "Sept. 30, 1907, defendant arraigned on said charge and by the court duly informed of all his rights."

The copy of the justice docket was inserted in the bill of exceptions by way of amendment at the time of the hearing of defendant's motion to settle the bill, and defendant objected to its being included in the bill on the grounds that "the district attorney had failed to prepare and present the proposed amendment," and also, "on the further ground that defendant's proposed bill of exceptions contained a correct copy of all the proceedings had before the committing magistrate as taken down by the shorthand reporter," etc. Appellant contends that we should rule upon his exceptions to the settlement of the bill of exceptions by the trial judge and exclude the justice's docket from consideration in passing upon the trial court's action in denying defendant's motion to set aside the information.

This we cannot do. The statute (Pen. Code, sec. 1174) provides relief for a party who claims that the trial judge has refused to settle the bill of exceptions in accordance with the facts. Defendant did not avail himself of the remedy thus provided, and we must take the bill as we find it and the statements in it as being absolute verity. (*People* v. *Goldenson*, 76 Cal. 328, 351, [19 Pac. 161].)

If the matter were one which we could consider at this time and in this way, we should still be compelled to hold that against the objections made by defendant the trial court was still justified in its ruling on the motion. The first objection is met by the physical fact that the amendment was present and made a part of the bill. There is no preparation and service of amendments by a district attorney required by section 1174. The excerpt presented as all the proceedings at the preliminary examination shows on its face that it is not all of the proceedings before the magistrate. It contains no certificate of the reporter, and even if it did, this would make it but *prima facie* evidence of the matters which it contained. (*People* v. *Cox*, 76 Cal. 281, [18 Pac. 332].) If the stipulation be considered as supplying the omission, it does not negative the fact that the court fully informed the defendant as to his right to counsel and all other rights. We are not dependent upon the justice's docket in order to sustain the ruling of the trial court on the motion to dismiss the information.

In support of the demurrer to the information, it is contended that the information is defective because it designates the crime committed as an "assault with a deadly weapon with the intent to commit murder." The name given the offense is not material if the facts charging an offense be clearly stated. (*People* v. *Morley, ante,* p. 372, [97 Pac. 84]; *People* v. *Eppinger,* 105 Cal. 38, [38 Pac. 538].) The designation of the crime here used has been expressly held not to constitute a charging of more than one offense (*People* v. *Beam,* 66 Cal. 394, [5 Pac. 677]), and the demurrer was properly overruled.

The instructions requested by the defendant relating to the intent necessary in establishing the crime of assault with intent to commit murder became immaterial and their refusal harmless and nonprejudicial, since the verdict of the jury was for the minor offense of assault with a deadly weapon. (*People* v. *Green,* 1 Cal. App. 432, [82 Pac. 544].)

The refusal to give the definitions of murder and manslaughter was not prejudicial for the same reason.

The instruction predicated upon self-defense was also properly refused. If given, it would have instructed the jury that the defendant was justified in killing Chappell if "he

believed himself in danger of suffering bodily harm and injury from Chappell." This would have eliminated all element of the character of the injury threatened and the reasonableness of the belief upon defendant's part. (Pen. Code, secs. 197, 198.)

The question asked of the witness Ashton by defendant on cross-examination was not directly in line with the apparent purpose of his direct examination, but was well within the scope of proper cross-examination, and the objection of the district attorney should have been overruled, but it is clear that the ruling of the court in sustaining the objection did not prejudice the defendant in any way. The question sought to elicit evidence that defendant was intoxicated at the time of the shooting. This appears by the testimony of other witnesses and was not controverted.

On redirect examination of one of the witnesses for the people the district attorney asked the question: "Did you see Chappell (the complaining witness), and the defendant shake hands and make up before the shooting occurred?" to which the witness replied: "No, sir, I did not." Also, the question: "Do you remember anything being said about making up?" to which the witness replied: "Only when the defendant asked the first time to shake hands." Thereupon the district attorney stated that he would refresh the witness' memory from notes taken at the preliminary examination. To this the defendant objected on the ground that it was a cross-examination by the prosecution of its own witness. The objection was overruled and the district attorney proceeded to read as follows (giving the page of the transcript): "And Chappell would not have anything to do with him, so he went over there and sat down and the surveyors got around him and got to talking to him and they made it up to have a drink and to make friends I think. I never paid much attention to that part of the fracas."

The witness thereupon said: "I do not remember making any such statement as that. I know there was words spoken about all have a drink, the gang walked up to have a drink while the defendant walked in the back room to get his coat. I never saw no hand shaking or anything of that kind."

As said in the Durrant case (116 Cal. 213, [48 Pac. 84]):
"The witness would have had the undoubted right to read his
testimony given upon the examination for the purpose of re-
freshing his memory.    (Code Civ. Proc., sec. 2047.)    Such a
transcript may at least be regarded as a private memorandum.
(*Reid* v. *Reid*, 73 Cal. 206, [14 Pac. 781].)    When a witness
called by a party fails to testify to matters previously within
his recollection, or gives evidence in apparent variance with
that formerly given, it is not incumbent upon the party pro-
ducing the witness to wait for the assaults of the cross-ex-
amination to expose seeming inconsistencies and discrepancies.
While he may not impeach his witness (saving under certain
exceptional circumstances), he may with propriety refresh
his recollection, to the end that the witness and his present
evidence may both be put fairly and in their proper light be-
fore the jury."

On the other hand, a pretense of refreshing the memory
from such a transcript cannot be made a subterfuge to get
before the jury incompetent evidence and statements which
tend to make a case for the people.    (*People* v. *Creeks,* 141
Cal. 532, [75 Pac. 101].)

If the circumstances of the case at bar bring it within the
rule of the case last cited, there is no objection here upon
which we can say the ruling of the trial court was erroneous.
If it is meant by the objection that the district attorney was
"cross-examining his own witness," that he was endeavoring
to impeach him, this was not done.    The statements of the
witness in the two records are easily reconcilable, and it can-
not be said that, as explained by the witness, the evidence read
from the transcript of the testimony taken at the preliminary
examination in any manner prejudiced the case of the de-
fendant.    (*People* v. *Majoine,* 144 Cal. 303, [77 Pac. 952].)

We do not, however, think the facts of this case bring it
within the rule declared in *People* v. *Creeks, supra,* and see no
good reason for impugning the motives and good faith of the
district attorney, as the record discloses nothing from which
the inference can be drawn that he intended to do more than
call the attention of the witness to what appeared to him to be
an apparent discrepancy between the testimony of the witness
on the trial and that at the preliminary examination, with the
view to reconciling them and ascertaining the real facts.    The

case for the prosecution was not strengthened by the matter read from the transcript.

No prejudicial error appearing in the record, the judgment and order denying the motion for a new trial are affirmed.

Allen, P. J., and Shaw, J., concurred.