[Crim. No. 2821. Second Appellate District, Division Two.—January 14, 1936.]

THE PEQPLE, Respondent, v. WILLIAM LERNER et al., Appellants.

John F. Groene for Appellants.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—Defendants Lerner and Russo (appellants) together with defendants Traney and Criswell were charged with robbery and were convicted of robbery in the second degree. This is an appeal from the judgments and the orders denying motions for new trial.

■ Appellants first contend there is an insufficiency of evidence to sustain the judgments against them. We find, however, that there is substantial evidence to sustain the judgments against each of them. It would serve no useful purpose to set out in detail the evidence upon which we rely. (*Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104]; *People* v. *Groves,* 9 Cal. App. (2d) 317 [50 Pac. (2d) 813].) Appellant Russo also contends that the court erred in refusing to grant his motion for an instructed verdict, but this falls with our determination of his first contention.

■ Appellants next contend that the judgments should be reversed because of misconduct of the district attorney. In reviewing the record we find no conduct of the district attorney which would warrant a reversal. Furthermore, not one of the remarks of the district attorney now claimed to be prejudicial was assigned by the defendants as misconduct at the time of the trial, neither was the court requested to admonish the jury to disregard such remarks. (*People* v. *Vickroy,* 41 Cal. App. 275 [182 Pac. 764].) ■ Appellant Russo was asked whether he had ever been convicted of a felony. The question was answered in the negative and the matter went no further. (*People* v. *Majoine,* 144 Cal. 303 [77 Pac. 952].) There is nothing in the record to indicate that the question was not asked in good faith by the prosecutor.

■ Appellants' final contention is that the court erred in denying the motions of appellants to set aside and vacate the judgments upon the ground of newly discovered evidence.

This so-called newly discovered evidence was an alleged confession of the defendant Traney, assuming all guilt to himself and exonerating the other defendants. This confession was diametrically opposed to the testimony given by Traney at the trial. It was not in a proper sense newly discovered evidence, but was merely a proposal on the part of one of the witnesses to change his testimony, made after a fair trial and verdict rendered. The motion for a new trial was addressed to the sound legal discretion of the trial court and its ruling thereon will not be disturbed upon appeal unless its discretion has been abused. This rule is peculiarly applicable to rulings on motions for new trial based upon the ground of newly discovered evidence, because of the disfavor with which such applications have always been regarded. (8 Cal. Jur. 442.)

Judgments and orders affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.

A petition by appellant Antonio Russo to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1936.