[Crim. No. 1715. Second Appellate District, Division One.—November 13, 1928.]

THE PEOPLE, Respondent, v. ELID STANICH, Appellant.

The facts are stated in the opinion of the court.

Josiah Coombs for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

YORK, J.—■ Several years ago the defendant was in court to answer to a felony information which was at least not a model information. It started out with an attempt to charge "encumbering mortgaged property, a

felony," but failed to allege that such encumbrance was made without giving notice in writing to the person holding the mortgage or to whom the second mortgage was to be given. However, the information also did allege the removal of the same mortgaged personal property from the county wherein the first mortgage was given, without the written consent of the mortgagee, which fact as alleged constituted a felony. (Pen. Code, sec. 538.)

The information was sufficient as to the removal charge, even if it was defective as to the first charge; and it was misleading and subject to demurrer for uncertainty as to which of the two alleged charges of felony was to be relied on; and as to whether it was meant to be made on two counts or on one count only. However, the record discloses the fact that no demurrer of any kind was ever filed, and the defendant pleaded "guilty as charged in the information," was sentenced to the penitentiary as for one offense only, has served his sentence, was released upon parole, and his term of parole having then expired, his attorney on May 26th last, for the first time, made an objection to the form of the information by filing a notice of motion to, and did appear in the superior court to make a motion to strike from the record the judgment of conviction on the ground that the court did not have jurisdiction of the offense, basing such motion on the ground that the information failed to charge an offense under the statute at the time the defendant was convicted.

The superior court denied the motion and the matter comes to this court on appeal from such order denying the motion of the defendant. None of the cases cited covers a similar record or situation, unless we can consider decisions rendered when the question of the sufficiency of the information is raised in hearings on petitions for writs of *habeas corpus* filed when the defendant is still in custody serving his term.

The rule laid down in the *habeas corpus* cases, which we will hereafter quote, seems to be applicable because in the instant case no question was raised in the superior court as to the sufficiency of the information. As was said in *Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804, 806], quoting from page 770: "Counsel for respondent contends that if there is in this state such an offense or crime as that of which petitioner was convicted, the insufficiency of the com-

plaint is immaterial on *habeas corpus*, citing *Ex parte Ruef,* 150 Cal. 665 [89 Pac. 605]. The rule of the Ruef case has never been applied by this court to proceedings in courts of inferior, as distinguished from courts of general, jurisdiction. To the contrary, it has been the uniform practice to consider on *habeas corpus* the question of the sufficiency of the complaint in such inferior courts, and to discharge the prisoner where such complaint failed to show a public offense under the laws of the state. This matter was fully considered in *Ex parte Kearny,* 55 Cal. 212, where the distinction between the two classes of courts was stated, and where the prisoner was discharged solely because of the insufficiency of the complaint in this regard. That decision has never been modified. In the Ruef case we were considering the question with relation to a proceeding pending in a court of general jurisdiction, the superior court of the city and county of San Francisco, while here we have a proceeding in a court which has uniformly been treated as an inferior court, a justice's court. (*Ex parte Kearny,* 55 Cal. 212.)''

As was said in *Kitts* v. *Superior Court,* 5 Cal. App. 469 [90 Pac. 980], and in the opinion by the court in the case of *Harris* v. *Superior Court,* 51 Cal. App. 15 [196 Pac. 895, 901], quoting from page 31: '' 'We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus*. Here the indictments clearly attempt to charge extortion, a crime defined by section 518 et seq. of the Penal Code, and within the jurisdiction of the superior court.' '' Quoting further from *Harris* v. *Superior Court, supra:* ''The rule so declared in the Ruef case has since been uniformly followed by this court. (See, also, *In re Hughes,* 159 Cal. 360, 362 [113 Pac. 684].) It was expressly held to apply in regard to the remedy by prohibition in *Whitney* v. *Superior Court,* 182 Cal. 114 [187 Pac. 12]. In the case at bar the indictment clearly attempted to charge the offense on the part of an executive officer of agreeing to receive a bribe, a crime defined by section 68 of the Penal Code, and it was for the superior court,

in the exercise of its judgment and subject to review on appeal from the judgment, to determine as to the sufficiency of the facts stated to show such crime. The alleged defect in the indictment is not available as a ground for prohibiting the superior court from proceeding with the trial of the cause.''

The judgment on the plea of guilty is just as good as on a plea of not guilty and verdict against the defendant. Although it is true that the defendant does not waive jurisdiction by a plea of guilty if the court never acquired jurisdiction, however, it appears to this court upon an examination of the entire record that the defendant could have demurred at the time of the trial upon any of the grounds which he has raised at this time, and that he cannot now be heard to raise for the first time on this motion the questions, first, that the statute of limitations had run against the crime charged; or, second, that there was a misjoinder in that two felonies were charged in the information; or, third, that the phraseology of the information was such that it might be construed so that the defendant would be charged with a felony in an allegation in which was commingled an allegation of an act which was not a felony, there being no separate count setting forth the charge that the defendant removed mortgaged property out of the county where the property had been mortgaged. The allegation was that he had encumbered mortgaged personal property with intent to defraud, etc. These objections would not, of course, be on the ground that the information did not state facts sufficient to constitute a public offense, but would be technical objections to the phraseology of the information in that it was uncertain or did not give the defendant a chance to prepare his defense. There is no question but that it was a felony to remove mortgaged personal property from the county as alleged in the information, and it may be that the court considered his plea of guilty only as a plea to this charge as he was sentenced as for one offense only. ''Where the acts constituting an offense are sufficiently stated, a failure to give any name to the offense, or a failure to give its proper legal appellation is merely a defect of form which does not vitiate.'' (14 Cal. Jur., p. 54; *People* v. *Izlar,* 8 Cal. App. 600, 604 [97 Pac. 685].)

There being nothing in the record to show otherwise, the order of the trial court denying the motion to set aside judgment herein is affirmed.

Conrey, P. J., and Houser, J., concurred.