[Crim. No. 2644.   Second Appellate District, Division Two.—December 24, 1934.]

THE PEOPLE, Respondent, v. ARTHUR ADAIR, Appellant.

Victor J. Hayek for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant Adair was accused on one count of forgery and two counts of forgery of a fictitious name, after prior conviction of a felony. He admitted the former conviction and was convicted and sentenced on all three counts. From the judgment and order denying motion for new trial he appeals.

Intent to defraud is said to be lacking to support the jury's verdicts. The check set out in count 1 was drawn by appellant's co-defendant Ainsworth, and cashed by Adair at a market where he was known by sight, the proceeds being used in part to settle an old account and the balance being handed to appellant in cash. The two other checks which were passed by Ainsworth were declared by a handwriting expert to have been written by appellant, and the latter told the officers he had written them. At the trial Ainsworth, who had pleaded guilty to the two latter counts, testified that he had written the two latter checks, notwithstanding a prior denial to the officers. The jury may reasonably have concluded that the two defendants were operating together, and the fraudulent intention logically appeared

from the circumstances (Pen. Code, sec. 21) and from the deliberate commission by them of an unlawful act. (Code Civ. Proc., sec. 1962, subd. 1.) (*People* v. *Ball*, 102 Cal. App. 353 [282 Pac. 971].)

On redirect examination the handwriting expert referred to a comparison he had made of the questioned checks with some exemplars in the police files made by ''known forgers'', but made no statement as to what he found. In response to an objection the trial court promptly admonished the jury to disregard the matter, explaining that the witness did not mean to indicate that defendant was a forger, thereby precluding any prejudicial inference on the part of the jury.

Appellant contends that the information is defective in charging ''forgery (fictitious name)'', and urges that ''there is no such crime''. The specific acts constituting the offense are set out with sufficient clearness, and designation is immaterial. (*People* v. *Eppinger*, 105 Cal. 36 [38 Pac. 538].) ''Whether the signatures in question were forgeries of the names of existing persons or whether they were names of fictitious persons is immaterial.'' (*People* v. *Gayle*, 202 Cal. 159 [259 Pac. 750, 752].) The information is sufficient and proper under Penal Code, section 470.

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.