[Crim. No. 6002. In Bank. Apr. 19, 1957.]

THE PEOPLE, Respondent, v. CLYDE ROBERT MARSHALL, Appellant.

Robert W. Herrick for Appellant.

Edmund G .Brown, Attorney General, and Arthur L. Martin, Deputy Attorney General, for Respondent.

Roy A. Gustafson, District Attorney (Ventura), as Amicus Curiae.

SCHAUER, J.—Defendant pleaded not guilty to a charge alleged in the information in the following terms: "Robbery, in violation of section 211, Penal Code, . . . committed as follows: That [defendant] . . . did willfully, unlawfully, feloniously and forcibly take from the person and immediate presence of Jack J. Martens . . . Seventy Dollars . . . and an automobile . . ." Jury trial was waived. After trial, the court found defendant guilty of "Violation of 503 Vehicle Code, a felony. a lesser but necessarily included offense," and sentenced defendant to serve nine months in the county jail.[1]

---

[1]Section 503 refers to the offense thereby denounced as a "felony," but provides that the offense is punishable "by imprisonment in the state prison . . . or in the county jail . . . or by a fine . . ." Even though the judgment refers to defendant's conviction as a "felony," it appears

Defendant noticed an appeal "from the verdict and judgment of conviction."[2] Defendant contends that the offense of violation of section 503 of the Vehicle Code is not an offense necessarily included within the charge of robbery and that therefore his conviction cannot be upheld. We have concluded, for reasons hereinafter developed, that the trial court was correct in its express determination that violation of section 503 is "a lesser offense than that [specifically] charged in the information but necessarily included therein," and that therefore the conviction of violation of section 503 can be upheld even though violation of that statute does not come within the statutory definition of the crime of robbery.

Section 211 of the Penal Code defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Section 1159 of the same code provides that the defendant may be found "guilty of any offense, the commission of which is necessarily included in that with which he is charged." Section 503 of the Vehicle Code defines the offense of which this defendant was convicted as follows: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, . . . is guilty of a felony . . ."

Defendant and amicus curiae urge that (quoting from *People* v. *Kerrick* (1904), 144 Cal. 46, 47 [77 P. 711], and *People* v. *McGrath* (1928), 94 Cal.App. 520, 522 [271 P. 549]) "to be 'necessarily included' in the offense charged [within the meaning of section 1159 of the Penal Code, *ante*], the lesser offense must not only be part of the greater in fact, but *it must be embraced within the legal definition* of the greater as a part thereof." (Italics added.) The "legal definition" of the greater offense, according to defendant and

---

that the imposition of the statutorily authorized lesser punishment of imprisonment in the county jail renders the conviction one of misdemeanor only. (Pen. Code, § 17; *People* v. *Wilson* (1943), 59 Cal.App.2d 610, 611 [1] [139 P.2d 673]; *People* v. *Rowland* (1937), 19 Cal.App.2d 540, 541 [1] [65 P.2d 1333]; *People* v. *Trimble* (1936), 18 Cal.App.2d 350, 351 [1] [63 P.2d 1173]; *People* v. *Pryor* (1936), 17 Cal.App.2d 147, 152 [4, 5] [61 P.2d 773].)

[2]Defendant's counsel at oral argument before this court, recognizing that there was no "verdict" and that had there been a verdict it would not have been appealable (see Pen. Code, § 1237), moved to strike the word "verdict" from the notice of appeal. This motion will be granted.

amicus curiae, is the statutory definition rather than the description of the crime specifically alleged in a particular accusatory pleading. But neither the Kerrick case nor the McGrath case discusses or implicitly decides the question whether the ''legal definition'' must be the statutory definition as opposed to the definition specifically selected and pleaded by the prosecutor.[3] We note also *People* v. *Whitlow* (1952), 113 Cal.App.2d 804, 806 [249 P.2d 35], and *People* v. *Krupa* (1944), 64 Cal.App.2d 592, 598 [149 P.2d 416].

■ These last cited cases correctly hold that ''If, in the commission of acts denounced by one statute, the offender must always violate another, the one offense is necessarily included in the other''; they do not consider whether the statutory definition is the exclusive measure of included offenses.

The People argue that from analysis of such cases as *In re Hess* (1955), 45 Cal.2d 171, 174 [288 P.2d 5], and *People* v. *Greer* (1947), 30 Cal.2d 589, 597 [184 P.2d 512], it appears that a lesser offense is ''necessarily included'' if it is within the offense specifically charged in the accusatory pleading, even though its elements are not necessarily within those of the statutory definition of the crime.

The question argued by the parties and amicus curiae is directly presented by the record in this case and the statutes

---

[3] Kerrick, convicted of defacing brands on cattle (former Pen. Code, § 357), contended that the trial court erroneously refused to let him prove, in support of his pleas of former acquittal and once in jeopardy, that he had been tried for larceny of the same cattle, that the jury had disagreed, and that the larceny charge had been dismissed on motion of the district attorney made on the ground that in his opinion the evidence which could be produced on retrial would be insufficient to show larceny. Kerrick's contention was rejected on the ground that (p. 47 of 144 Cal.) ''the two crimes were not only distinct in law but also in fact.''

McGrath (p. 521 of 94 Cal.App.) was specifically charged with driving while ''under the influence of intoxicating liquor.'' This offense was denounced by section 112 of the former California Vehicle Act (Stats. 1927, p. 1436). The trial court (p. 522 of 94 Cal.App.) erroneously took the view that ''reckless driving'' was a lesser offense included within the crime charged, and so instructed the jury that they found that defendant was guilty of driving ''without precaution and in such a manner as to endanger the life and property of other persons.'' The offense of driving ''without due caution . . . or in such manner as to endanger the life, limb, or property of any person'' was denounced by section 121 of the former California Vehicle Act (Stats. 1923, p. 557). The appellate court correctly holds that the offense of which defendant was convicted was not necessarily included in the offense charged, because a person can drive carefully even though he is under the influence of intoxicating liquor. The discussion of the appellate court (pp. 523-524 of 94 Cal.App.) is directed, not to the specific accusatory pleading, but solely to the statutory definitions of the respective crimes.

applicable to such record. The offense of robbery as defined by section 211 of the Penal Code does not include all the elements of violation of section 503 of the Vehicle Code. The property taken in robbery may be any kind of personal property, whereas only the taking of ''a vehicle'' is denounced by section 503 of the Vehicle Code. A person charged simply with robbery ''in the words of the statute describing the offense''[4] would not be charged with and could not be properly convicted of the offense defined by section 503 because the accusatory pleading would not inform the defendant that he must be prepared, at the trial, to contravene evidence that he took a particular kind of personal property, a vehicle.[5] (See *In re Hess* (1955), *supra*, 45 Cal.2d 171, 174-175.)

 Although the statutory definition of robbery does not necessarily include the offense denounced by section 503 of the Vehicle Code, the particular robbery specifically pleaded in the information here includes all the elements of a violation of section 503. It is particularly alleged that the property taken was ''an automobile.'' The allegations of the information that the automobile was taken by robbery neces-

[4]An accusatory pleading in such general terms is expressly permitted by section 952 of the Penal Code.

[5]This conclusion follows from the statutes and case law. It may be noted, however, that the following peculiar situation is presented by such law: A defendant charged with murder is entitled to no more specificity in the accusatory pleading than the statement that he ''murdered C. D.'' (Pen. Code, § 951.) The People can prove at the trial that he murdered C. D. in any one of the ways in which murder can be committed, and the People, in the proceeding before the grand jury or committing magistrate which leads to the accusatory pleading, need not have disclosed all their evidence as to the various manners in which they are prepared to prove that C. D. was murdered. This anomalous situation results from the 1927 legislation ''liberalizing'' the rules of pleading in favor of the state (Stats. 1927, p. 1043, amending Pen. Code, §§ 951, 952).

As stated by Judge Fricke for the District Court of Appeal in *People* v. *Beesly* (1931), 119 Cal.App. 82, 85-86 [6 P.2d 114, 970], ''Section 952 [*ante*, footnote 4], which formerly required the pleading to set forth the particular circumstances of the offense charged, as amended [in 1927], declares that it shall be sufficient if it be 'in any words sufficient to give the accused notice of the offense of which he is accused.' There, in a nutshell, is stated the principle of our present simplified form of pleading a criminal offense—the accused is entitled to notice of the offense of which he is charged but not to the particular circumstances thereof, such details being furnished him by the transcript of the testimony upon which the indictment or information is founded.'' (Pen. Code, §§ 870, 925, require that defendant be furnished a copy of such transcript.) (See also *People* v. *Roberts* (1953), 40 Cal.2d 483, 486 [2, 3] [254 P.2d 501]; *People* v. *Pierce* (1939), 14 Cal.2d 639, 645-646 [96 P.2d 784]; *People* v. *Severino* (1953), 122 Cal.App.2d 172, 181 [9] [264 P.2d 656].)

sarily import the elements of theft, including the taking of the personal property of one other than defendant, with intent to steal (*People* v. *Rosen* (1938), 11 Cal.2d 147, 149 [78 P.2d 727, 116 A.L.R. 991]; *People* v. *Ammerman* (1897), 118 Cal. 23, 25-26 [50 P. 15]; *People* v. *Sheasbey* (1927), 82 Cal. App. 459, 463 [255 P. 836]; see Fricke (1951), California Criminal Law, p. 238). These elements of theft include the following elements of the offense denounced by section 503 of the Vehicle Code: The property (vehicle) taken or driven must be "not his [defendant's] own," and it must be taken "without the consent of the owner thereof, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same."

The cases of *People* v. *Kehoe* (1949), 33 Cal.2d 711, 713-715 [204 P.2d 321], and *People* v. *Crawford* (1953), 115 Cal.App. 2d 838, 841 [252 P.2d 963], tend to support the view that the theft of an automobile (which is included in the offense of robbery by the taking of an automobile) includes the lesser offense denounced by section 503 of the Vehicle Code, although neither of those cases concerns the aspect of the problem of included offenses which is now before us. The Kehoe case disapproves the view, previously taken by some District Courts of Appeal, to the effect that violation of section 503 is entirely different from the crime of theft of an automobile. The Crawford case (p. 841 of 115 Cal.App.2d) says that "The charge, being grand theft committed in the stealing of an automobile, included the offense of violation of section 503 of the Vehicle Code." Insofar as *People* v. *O'Neal* (1934), 2 Cal.App.2d 551, 561 [38 P.2d 430], is inconsistent with the statement last quoted from the Crawford case and with our conclusion that the intent to temporarily deprive the owner of the use of a vehicle is an element included in the intent to steal the vehicle, the O'Neal case is disapproved.

In *People* v. *Pearson* (1940), 41 Cal.App.2d 614, 618 [107 P.2d 463], it is said that "The crime of violating section 503 of the Vehicle Code is not included in the crime of robbery . . ., the elements to be proved being different in each offense." But this statement was made in the light of the statute as it was then worded and, of course, in respect to the problem then before the court. At that time section 503 (Stats. 1939, ch. 228, p. 1481) provided that it was violated only when the vehicle was taken or driven "in the absence of the owner." This provision made the section necessarily incompatible with

robbery in those cases where the person robbed was the owner of the property taken, for an element of robbery is that the property be taken "from his person or immediate presence" (Pen. Code, § 211). The Pearson case is not authority for interpretation of present section 503 of the Vehicle Code. The "absence of the owner" as an element of the offense denounced by section 503 has been deleted (Stats. 1947, ch. 813, p. 1926). Therefore, violation of that section is no longer incompatible with robbery.

It appears that the precise controversy here presented—whether the yardstick for measuring offenses "necessarily included" in a charge within the meaning of section 1159 of the Penal Code is the specific language of the accusatory pleading or whether such yardstick is the language of the statute defining the offense charged—has not been expressly decided by an appellate court of this state. The view urged by the People, however, has been expressly or impliedly accepted by some of the reported decisions (hereinafter cited) without discussion of the possible alternative of using statutory language as the exclusive measure of included offenses.

The Hess case (1955), *supra*, 45 Cal.2d 171, and the Greer case (1947), *supra*, 30 Cal.2d 589, upon which the People rely, concern the question whether a charge of rape includes a charge of contributing to the delinquency of a minor (Welf. & Inst. Code, § 702). The statutory and case law concerning what crimes are "included" in a charge of rape, as shown by the following summary, tends to support the position of the People in the present case, although such law furnishes no authority directly in point:

Rape, according to its statutory definition (Pen. Code, § 261), is "an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: 1. Where the female is under the age of eighteen years"; 2. Where she is mentally incapable of consent; 3. Where her resistance is overcome by force; 4. Where she is prevented from resisting by threats of great and immediate bodily harm, or by drugs; 5. Where she is unconscious of the nature of the act and this is known to defendant; 6. Where she submits under the belief, intentionally induced by defendant's "artifice, pretense, or concealment," that the person committing the act is her husband.

Where a single act of intercourse is committed in such circumstances that more than one subdivision of section 261 is violated, there is but one offense of rape, "for the proof,

though dual in character, necessarily crystallizes into one 'included' or identical offense." (*People* v. *Craig* (1941), 17 Cal.2d 453, 457 [110 P.2d 403].) Confirming the view that the six subdivisions of section 261 of the Penal Code do not proscribe six distinct offenses, but rather that they describe six different ways in which the one crime of rape can be committed, are cases which hold that where a defendant is charged with rape under the specific circumstances of one subdivision of section 261, he can be convicted upon a showing that he violated some other subdivision. (*People* v. *Vann* (1900), 129 Cal. 118, 121 [61 P. 776] ; *People* v. *Snyder* (1888), 75 Cal. 323, 324-325 [17 P. 208] ; *People* v. *Tollack* (1951), 105 Cal. App.2d 169, 172 [233 P.2d 121] ; *People* v. *Blankenship* (1951), 103 Cal.App.2d 60, 66 [228 P.2d 835] ; *People* v. *Cassandras* (1948), 83 Cal.App.2d 272, 276 [188 P.2d 546] ; see *People* v. *Jailles* (1905), 146 Cal. 301, 304 [79 P. 965].)

We do not undertake in this opinion to consider whether the holdings of cases such as those last cited (that a defendant can be convicted of one kind of rape when he is specifically charged with another) have been affected in respect to the essentials of pleading as related to the requirements of due process[6] by the decisions in Greer (1947), *supra,* 30 Cal.2d 589, and Hess (1955), *supra,* 45 Cal.2d 171. However, the cases which consider the question of *lesser* offenses included within a charge of rape, unlike the cases cited in the preceding paragraph, take the view that the specifically charged violation of a particular subdivision of section 261, rather than the statutory definition stated in the section as a whole, is controlling. In *People* v. *Greer* (1947), *supra,* 30 Cal.2d 589, defendant was charged in two counts with. violation of two sections of the Penal Code, section 261 (rape) and section 288 (lewd and lascivious conduct). It was specifically alleged that these two offenses were committed against the same girl, aged 13 years, on the same day. It is held (pp. 595-598 of 30 Cal.2d) that the trial court erred in refusing to permit defendant to prove, in support of his plea of former jeopardy, that he had been previously convicted of contributing to the delinquency of this same child (Welf. & Inst. Code, § 702) by acts committed at the time he allegedly committed statutory rape and lewd conduct against her. The court specifically concluded that (pp. 597-598 of

---

[6] "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." (*People* v. *Hess* (1955), *supra,* 45 Cal.2d 171, 175 [6].)

30 Cal.2d) ''Since every violation of sections 261(1) and 288 is also a violation of section 702, the offense defined in the latter is an offense necessarily included in the offenses defined in sections 261(1) and 288.''

The significance of the Greer decision here is that, for the purpose of determining what lesser offenses were included within the rape there charged, this court looked to the specific allegations of the pleading, not merely to the general statutory definition of rape.

In the case of *In re Hess* (1955), *supra,* 45 Cal.2d 171, 175, it is held that the offense of contributing to the delinquency of a minor is not included within a specific charge of forcible rape, because the charge of forcible rape does not inform the accused that he should be prepared to meet evidence that he did an act which would tend ''to cause or encourage any person under the age of 21 years'' to become delinquent (Welf. & Inst. Code, § 702). In Hess, therefore, as in Greer, this court considered, as the yardstick for measuring the offenses included within the rape charged, the specific allegations of the accusatory pleading rather than the general code definition of rape as a crime which can be committed in various ways. In accord is *People* v. *Chester* (1956), 138 Cal.App.2d 829, 830 [292 P.2d 573].

It is not unusual for a prosecutor to charge in one count the elements of two kinds of aggravated assault defined by two separate sections of the Penal Code, assault with intent to commit murder (Pen. Code, § 217) and assault with a deadly weapon (Pen. Code, § 245). In this situation, the appellate courts have expressly recognized that the yardstick for determining ''included'' offenses is the language of the accusatory pleading. (*People* v. *Gordon* (1893), 99 Cal. 227, 229 [33 P. 901] [an earlier opinion in this case, *People* v. *Gordon* (1891), 88 Cal. 422 [26 P. 502], shows that the defendant was specifically charged with an assault with a deadly weapon with intent to commit murder] ; *People* v. *Lightner* (1874), 49 Cal. 226, 228 ; *People* v. *Casserio* (1936), 16 Cal. App.2d 223, 226 [60 P.2d 505] ; see *People* v. *Arnett* (1899), 126 Cal. 680, 681 [59 P. 204].) If a defendant were charged in statutory language with assault ''with intent to commit murder'' (Pen. Code, § 217) and, separately, with assault ''with a deadly weapon'' (Pen. Code, § 245), the essential legal elements of neither offense charged would be ''necessarily included'' in the elements of the other (although both offenses charged might in fact be committed by the same act and,

hence, be subject to the provisions of section 654 of the Penal Code[7]); therefore, the term "included offense," as used in the foregoing cases which determine that assault with intent to commit murder or assault with a deadly weapon is "included" in a charge of assault "with a deadly weapon with intent to commit murder" must refer to offenses included in the language of the pleading, not to offenses necessarily included in the language of the statutes.

The yardstick of the specific allegations of the accusatory pleading is suggested also in *People* v. *Mendoza* (1942), 55 Cal.App.2d 625, 628-629 [131 P.2d 622] [lesser offense of battery, even though it is not included in the code definition of attempted rape as such definition is interpreted by case law, may be "necessarily included" in a charge of attempted rape which specifically alleges the commission of the attempt "by force and violence"].

Another type of decision (*People* v. *Eppinger* (1894), 105 Cal. 36, 38-39 [38 P. 538]; *People* v. *Martin* (1954), 127 Cal. App.2d 777, 780-782 [274 P.2d 509]; *People* v. *Papayanis* (1951), 101 Cal.App.2d Supp. 918, 926 [226 P.2d 91]; *People* v. *Adair* (1934), 3 Cal.App.2d 323, 325 [39 P.2d 274]; *People* v. *Stanich* (1928), 94 Cal.App. 738, 741 [271 P. 920]; *People* v. *Morley* (1903), 8 Cal.App. 372, 374 [97 P. 84]) tends to support the theoretical basis of the People's position that the specific allegations of the accusatory pleading, rather than the statutory definitions of offenses charged, constitute the measuring unit for determining what offenses are included in a charge. In the cases last cited, conviction of an offense pleaded by specific allegations is upheld, even though the pleading designates the offense by an incorrect name or citation of statute, on the theory that the specific allegations give the accused sufficient notice. The cases decided before and those decided since the 1927 "liberalization" of the rules of pleading in favor of the state (*ante,* footnote 5, p. 399), make no differentiation as to theory. ▮ It may also be noted that it is the offense specifically charged rather than the name applied to it which identifies and delimits the judgment imposed on conviction of the charge. (*In re Bramble* (1947), 31 Cal.2d 43, 46-47 [187 P.2d 411].)

[7]Section 654 provides, in pertinent part, that "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Some opinions which deal with the question whether an offense is "necessarily included" do not disclose whether their determination in that regard is based upon the elements specifically alleged in the accusatory pleading or upon the statutorily defined elements of the crime or, perhaps, upon some other factor. (*People* v. *Watson* (1899), 125 Cal. 342, 344 [57 P. 1071]; *People* v. *Bentley* (1888), 75 Cal. 407, 410 [17 P. 436]; *People* v. *Crawford* (1953), *supra,* 115 Cal.App.2d 838, 841.) Some cases suggest mistaken views that an offense may be "necessarily included" in another offense because it would be within the charge if the charge were stated in accord with common law rules of pleading (*People* v. *De Foor* (1893), 100 Cal. 150, 153-154 [34 P. 642]) or because the two offenses have a "common root" or "common basis" (*People* v. *Gossman* (1949), 95 Cal.App.2d 293, 295, 296 [212 P.2d 585]; *People* v. *Babb* (1951), 103 Cal. App. 2d 326, 330 [229 P.2d 843]) or because the evidence proves a "lesser" offense which insofar as the opinion discloses may or may not have been charged (*People* v. *Duncan* (1945), 72 Cal.App.2d 423, 426 [164 P.2d 510]).

Since the decisions as to included offenses, so far as they relate to choice of a standard to measure what offenses are "necessarily included" within the meaning of section 1159 of the Penal Code, have not expressly considered or decided the question of selection as between the language of the accusatory pleading and the statutory definition, we base our choice of the specific language of the accusatory pleading upon considerations of fairness to both parties.

The present situation well illustrates the fairness to both the defendant and the People of using the specific accusatory pleading as a yardstick. Because the information charged defendant with taking "an automobile," he was put on notice that he should be prepared to defend against a showing that he took that particular kind of personal property. Because the information charged that the automobile was taken by robbery, defendant was put on notice that he should be prepared to defend against evidence showing the elements of that crime.

At the trial the prosecutor was able to produce ample evidence that the automobile was taken without the victim's consent, but the evidence concerning the precise circumstances of its taking was somewhat uncertain. It appears that the prosecutor in the diligent and enlightened performance of his trust anticipated that the evidence at the trial might develop

in this fashion, and that he was well advised to draw the information in the manner in which it is worded.

Had the trial been by jury, both parties could and should have been prepared to request instructions concerning the lesser offense of violating section 503 of the Vehicle Code, because violation of that section, even though it was not included in the statutory definition of robbery, was, by the language of the information, a specifically pleaded but not separately stated lesser offense. Such instructions would be given if the evidence were such (as it was here) that the instructions would be applicable (see *People* v. *Carmen* (1951), 36 Cal.2d 768, 772-774 [1-6] [228 P.2d 281]); they would be refused if there were no evidence of the lesser offense (see *People* v. *McCoy* (1944), 25 Cal.2d 177, 187 [8a] [153 P.2d 315]).

Amicus curiae argues that, although in this particular case defendant would benefit by our declaring a rule that the language "offense . . . with which he is charged," as used in section 1159 of the Penal Code, relates exclusively to and is limited by the basic statutory definition of robbery, and cannot be otherwise related to the crime as actually charged in the information, it would usually be unfair to the prosecutor to assume that by a pleading such as the present one (which is entitled "Robbery (Sec. 211 P. C.)") the prosecutor intended to charge any offense other than robbery as defined by statute and the offenses necessarily included in the basic statutory definition of robbery. Rather, it appears, fairness to the prosecutor requires that we recognize that he may wisely anticipate the very situation which developed at the trial here and may frame his pleading in specific terms to obviate such possibilities as a variance between pleading and proof and the running of the statute of limitations against the lesser offense of violating section 503 of the Vehicle Code. (Conceivably, the prosecutor in the present case could have been even more precise than he was; he could have pleaded, in separate counts, robbery and grand theft by the taking of an automobile and violation of section 503 of the Vehicle Code (see Pen. Code, § 954), in anticipation that the evidence would show one or another of those offenses, although defendant could be convicted of only one of them. In making such observation, however, we do not mean to suggest that a pleading drawn with the care shown in the present case *should* have been even more carefully drawn.)

Amicus curiae asserts that the view which we adopt will result in harmful consequences to the prosecution in situ-

ations where the defendant pleads once in jeopardy or a prior conviction or acquittal of an offense ''necessarily included'' in a former charge (Pen. Code, § 1023). Amicus curiae suggests a hypothetical situation in which a defendant is accused of murder by a pleading which specifically alleges that the murder was committed in the perpetration of rape, is tried under such accusation, and is acquitted of murder. In this situation, amicus curiae complains, ''If rape is an included offense, he [defendant] cannot thereafter be charged with rape even though no instructions were given on rape and no discussion was had on this crime by the jury at the murder trial.'' Underlying this argument of amicus curiae appear to be assumptions that prosecuting attorneys often make mistakes in pleading and presenting cases and that trial courts are not diligent in giving instructions covering the issues, and the implied request that this court should recognize that such mistakes are common and should protect the People from the consequences of such mistakes. We prefer to assume, as we believe is the case, that the great majority of prosecuting attorneys are diligent and careful in their preparation and presentation of cases, and that trial judges are at least equally diligent and careful in the discharge of their duties.

Amicus curiae further argues that it is unfair to the defendant to require that he study the accusatory pleading to determine whether he is charged with offenses other than the greatest (most inclusive) crime alleged and offenses ncessarily included in the statutory definition of such greatest crime. Manifestly, in our view, it does not appear unfair to give the accused notice of the general facts which the prosecution expects to prove by pleading details of the greatest offense charged. Rather, a pleading which forthrightly alleges not only the statutory language of the greatest offense charged but also known details as to the manner of its commission is more helpful to a defendant, particularly if he is innocent, and is more fair and, hence, more worthy of the proper stature of the state's attorney than a pleading which alleges the general statutory language and no more.

In connection with his argument concerning asserted unfairness to those accused of crime, amicus curiae refers to cases which hold that a defendant cannot by demurrer obtain a separate statement, in separate counts, of ''lesser'' offenses which are alleged not as distinct crimes but by specific description of the manner in which the ''greatest'' offense was committed. (*People* v. *Casserio* (1936), *supra,* 16 Cal.App.2d 223,

226; *People* v. *Izlar* (1908), 8 Cal.App. 600, 604 [97 P. 685].) A defendant is not put at any peculiar disadvantage in this respect by permitting the use of the accusatory pleading as the measure of included offenses, rather than limiting such measure solely to the statutory definition of the "greatest" offense charged. We know of no rule or practice which would permit a defendant charged in the language of the statute defining a crime to obtain a separate statement of all offenses necessarily included in the statutory definition.

Defendant's motion to strike from the notice of appeal the reference to a purported appeal from the "verdict" is granted. For the reasons above stated the judgment is affirmed.

Gibson, C. J., Carter, J., Traynor, J., Spence, J., and Mc-Comb, J., concurred.

The petitions of appellant and of respondent for a rehearing were denied May 15, 1957. Shenk, J., was of the opinion that the petitions should be granted.