# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1999

FILED

**February 23, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **No. 02C01-9709-CR-00356** |
| **Appellee** | ) | |
| | ) | **SHELBY COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. Joseph B. Dailey, Judge** |
| **CLEO HENDERSON,** | ) | |
| | ) | **(Attempt to Commit Second** |
| **Appellant** | ) | **Degree Murder)** |

For the Appellant:

**Coleman W. Garrett**
Attorney for Appellant
200 Jefferson Avenue, Suite 850
Memphis, TN 38103

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Georgia Blythe Felner**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Terrell L. Harris**
Asst. District Attorney General
Criminal Justice Complex
Suite 301, 201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

REVERSED AND DISMISSED

**David G. Hayes**
Judge

## OPINION

The appellant, Cleo Henderson, was charged in a one count indictment with attempt to commit second degree murder. A Shelby County jury found the appellant guilty of aggravated assault, resulting in a fourteen year sentence as a persistent offender. In this appeal as of right, the appellant argues that the evidence is insufficient as a matter of law to support the jury's verdict of aggravated assault.

For the reasons discussed below, the judgment of conviction is reversed and dismissed.

## Background

On March 30, 1996, Eva Itson, the victim in this case, traveled to the South Memphis apartment of her friend, Jacqueline "Jackie" Baggett, to visit with her and spend the night. Jackie Baggett resided at this residence with her seven year old son, Cleo Baggett, and her live-in boyfriend, Lee "Lucky" Gathings.

Around 1:45 a.m., Lee Gathings and Jackie Baggett, who had retired to their bedroom, heard a loud knock at the front door. Ms. Baggett looked out of their second floor bedroom window and saw the appellant, the father of her son, Cleo. The appellant asked Jackie where his son was; she responded that he was asleep. Jackie closed the window and the appellant left. Within five minutes, however, the appellant returned and demanded that Jackie and Lee come downstairs. The appellant, who appeared intoxicated, told Lee that Cleo was his child and that he wanted to see him. Lee responded that he had no problem with the appellant visiting Cleo at a decent time, but it was too late to see him that night. After exchanging some words with Ms. Baggett, the appellant left, but warned, "I'll be back."

2

Prior to these events, Eva Itson had left the apartment to purchase beer and attend a party. Shortly after the appellant's second departure, Eva returned to the apartment, let herself in with a key she had been given, and went upstairs to Jackie and Lee's bedroom. Shortly thereafter, a loud knock was again heard at the front door. Jackie recognized the voice outside as being that of the appellant. Lee told Jackie not to respond to the appellant. Eva, however, volunteered to go to the window and tell the appellant that Jackie was asleep. Eva opened the window and informed the appellant that they "were in the bed" and that "they weren't getting up." As she moved to close the window, the appellant yelled, "You tell them I ain't nothing to play with." A shotgun blast followed and "[t]hat is when the [appellant] shot [Eva Itson.]"

At the conclusion of the proof, the trial court instructed the jury upon the indicted offense of criminal attempt to commit second degree murder. Additionally, the trial court submitted to the jury an instruction on the offense of aggravated assault. The jury found the appellant guilty of aggravated assault.

**Analysis**

Included within the appellant's sufficiency of evidence argument is his contention that "[t]he jury's verdict represents a compromised decision for which there was no bases in law or fact." Although ambiguously argued, the appellant, in effect, asserts that aggravated assault is neither a lesser grade nor a lesser included offense of attempted second degree murder. The appellant cites as authority State v. Trusty, 919 S.W.2d 305 (1996), for the proposition that the trial court erred in permitting the jury to consider the offense of aggravated assault as an included offense within the indictment. It is undisputed that our supreme court in Trusty held that aggravated assault is not a lesser offense of attempted first degree murder. Trusty, 919 S.W.2d at 309. The State argues, however, that the indictment, in this

case, is factually distinguished from the indictment in <u>Trusty</u>. The indictment in <u>Trusty</u> essentially tracked the statutory language of criminal attempt and first degree murder. The indictment in the case before us charged as follows:

> . . . on March 30, 1996, in Shelby County, Tennessee . . . did unlawfully attempt to commit the offense of Second Degree Murder in that he, the said Cleo Henderson did unlawfully and knowingly attempt to kill EVA ITSON <u>by use of a deadly weapon, to-wit: a shotgun and did cause bodily injury</u> to the said EVA ITSON, in violation of T.C.A. 39-12-101. . .

[Emphasis added].

The State acknowledges that, although the indictment expressly charges violation of Tenn. Code Ann. § 39-12-101, attempted second degree murder, the inclusion of the above emphasized language "use of a deadly weapon" and "did cause bodily injury" provided notice of the crime of aggravated assault.

We find this argument misplaced. There is nothing in the record before us which remotely suggests that the State ever considered aggravated assault as a prosecution theory. Moreover, allegation of acts in the indictment by which the appellant may have committed the offense, *i.e.*, "by use of a deadly weapon" or the phrase "did cause bodily injury," contrary to the State's argument, will not serve to convert one offense in a single count indictment into multiple offenses. To do so would render the single count indictment duplicitous and subject to dismissal.[1] An averment will be construed according to the context and a count will not be made duplicitous through punctuation or clerical error, nor held so if the singleness of the charge is clear to common understanding. 42 C.J.S. *Indictments and Information*, § 159 [1991].

---

[1]Generally, two distinct offenses cannot be charged in the same count of an indictment. <u>State v. Jefferson</u>, 529 S.W.2d 674, 678 (Tenn. 1975), abandoned on other grounds by <u>State v. Mitchell</u>, 593 S.W.2d 280 (Tenn. 1980). <u>See also</u>, Tenn. Code Ann. § 40-13-202; Rule 8, Tenn. R. Crim. P., (each offense is to be stated in a separate count).

Duplicity renders the indictment voidable not void. As such, the indictment is subject to pre-trial dismissal. <u>See</u> Rule 12(b)(2), Tenn. R. Crim. P. (defenses and objections based on defects in the indictment).

In all criminal prosecutions, the accused is granted "the right to be informed of the nature and cause of the accusation" against him. U.S. Const. Amend. VI; Tennessee Const. Art. I, Sec. 9. Moreover, it is fundamental that a defendant cannot legally be convicted of an offense which is not charged in the indictment. See Trusty, 919 S.W.2d at 310; see also Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 418-419 (1932).

Although the right to be informed of the nature and cause of the accusation is constitutionally derived, the method employed in the providing of this right is procedural. Thus, it remains for the states to enact, through rules of criminal procedure and/or by case law, the necessary means by which constitutional "notice" will be provided. Within this context, Tennessee has enacted both rules of procedure and statutory law which bears upon the issue of providing notice to the accused.

> 1. Tenn. Code Ann. § 40-18-110 provides: it is the duty of all judges charging juries in cases of criminal prosecution for any felony wherein two or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so, and
>
> 2. Rule 31 (c), Tennessee Rules of Criminal Procedure, places the defendant upon notice that he "may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

Thus, the issue before us in this case is whether the appellant's conviction for aggravated assault was "necessarily included" in the offense charged. The resolution of this question requires us first to define the term "necessarily included."

At first glance, it would appear that the phrase "necessarily included" could be easily construed and capable of a single definition. This, however, is not the case. Although the clear majority of jurisdictions have adopted Federal Rule 31(c) and its language "necessarily included," three prevailing definitions have emerged among

5

federal and state jurisdictions. Those definitions have resulted in the formation of (1) the statutory approach; (2) the pleadings approach; and (3) the evidentiary approach. See State v. Howard, 578 S.W.2d 83, 86 (Tenn. 1979) (Henry, C.J.,dissenting). See also State v. Coulson, No. 01C01-9709-CR-00397 (Tenn. Crim. App. at Nashville, Sept. 15, 1998); MODEL PENAL CODE Section 1.07, *Comments*.

We believe that a brief review of each of the three approaches is helpful in contrasting their differences and will aid the trial court in its determination of what constitutes a "necessarily included" offense of the indictment.

## EVIDENTIARY APPROACH

The evidentiary approach provides that the defendant is entitled to a charge on a lesser offense when the lesser offense is established by the evidence adduced at trial in the proof of the greater and the greater and lesser offenses relate to protection of the same interest. See United States v. Whitaker, 447 F.2d 314, 319 (D.C.Cir.1971). No Blockburger test is performed and there is no requirement that the offense be charged in the indictment.

This approach was expressly rejected by our supreme court in Howard v. State, 578 S.W.2d at 83, wherein, the court held that criminal trespass, although established by the proof at trial, was not a lesser included offense of third-degree burglary. In so holding, the court observed, "that if [this] theory is adopted, trial judges will receive 'request for instructions limited only by the imagination and ingenuity of the defendant' to the ultimate confusion of the jury and frustration of the judicial process." Id. (citing State v. Washington, 273 Or. 829, 543 P.2d 1058 (1975)). Again, in State v. Trusty, our supreme court rejected the evidentiary approach, ruling that aggravated assault is not a lesser included or lesser grade

6

offense of criminal attempt to commit first degree murder. Trusty, 919 S.W.2d at 309.

## PLEADINGS APPROACH

Under the pleadings or charging instrument approach, a lesser offense is included in the charged offense if the description of the charged offense in the pleadings also sets forth all the elements of the lesser offense. People v. Marshall, 309 P.2d 456, 458 (Cal. 1957). The yardstick for determining "included" offenses is the language of the accusatory pleading. Id. at 461. This approach requires no Blockburger analysis and permits convictions of a lesser offense even though it would be possible to commit the greater without committing the lesser. This approach has been held sufficient to satisfy the constitutional requirement of notice. See, e.g., U.S. v. Stolarz, 550 F.2d 488 (9th Cir. 1977).

The indictment in this case and the State's argument on appeal is, in effect, an argument for endorsement of the pleadings approach. This approach was rejected by our supreme court in State v. Cleveland, 959 S.W.2d 548, 552 (Tenn. 1997) (holding that aggravated assault was not a lesser included offense of attempted aggravated rape).

Specifically, in Cleveland, our supreme court held:

Whether aggravated assault is a lesser included offense in attempted aggravated rape is a more complex question. The indictment charged the defendant with 'unlawfully, forcibly, or coercively attempt[ing] to engage in sexual penetration with [the victim], while [he was] armed with a weapon or an article used or fashioned in a manner to lead the victim to believe it to be a weapon.'
. . .

A close analysis of these elements reveals that aggravated assault is not a lesser included offense of attempted aggravated rape, as charged in the indictment. Each form of aggravated assault contains at least one element that is not *necessarily* included in the offense of attempted aggravated rape, and, therefore, not charged in the indictment in this case: bodily injury, reasonable fear of imminent

7

bodily injury, or physical contact a reasonable person would regard as extremely offensive or provocative. *See* Tenn. Code Ann. § 39-13-101(a)(1)-(3). Although we recognize that any or all of these elements may and often do accompany an attempted aggravated rape, that does not satisfy the test for a lesser included offense under the *Trusty/Howard* analysis.

The defendant's argument, as well as the Court of Criminal Appeals' analysis, emphasizes that the evidence presented in this case by the State was sufficient to support a conviction for aggravated assault. We do not disagree; in fact, the evidence was sufficient to support a separate count in the indictment for aggravated assault had the prosecutor chosen to pursue such a charge. Yet the sufficiency or weight of the evidence is not the test for determining if one offense is necessarily included in another offense. Instead, to preserve a defendant's right to receive fair and reasonable notice of the charges, and also to ensure the prosecution's right to seek charges on the offenses it deems appropriate, the focus must be placed on the elements of each offense and the allegations in the indictment. *Howard*, 578 S.W.2d at 84.

(emphasis added) (internal footnote omitted).

## STATUTORY APPROACH

This state has by case law adopted the statutory approach. See Trusty, 919 S.W.2d at 311. Under the statutory approach, a lesser offense is included in the charge of a greater if the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense. Under this approach, a lesser offense is included in the greater if all the statutory elements of the lesser are also elements of the greater. As stated by our supreme court in Howard v. State, "an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser. Howard, 578 S.W.2d at 85. Again, in Trusty, our supreme court held: "Thus, pursuant to our statute, [TCA 40-18-110] rule, [Rule 31(c) Tenn. R. Crim. P.] and case law interpretations, defendants are entitled to jury instructions on all lesser included offenses as defined in Howard and on all offenses which are a lesser grade or class of the charged offense, if the evidence would support a conviction for the offense. Trusty, 919 S.W.2d at 311.[2] Finally, in State v.

---

[2]The language in Trusty, on several occasions in the text of the opinion, utilizes the phrase, "as charged in the indictment." This language, however, does not permit, as argued by the State, consideration of multiple offenses in a single count and must be viewed within the context of its ultimate holding and the holding in Howard. See *supra*, Duplicity.

<u>Cleveland</u>, the supreme court again restated the lesser included - lesser grade principles announced in <u>Trusty</u>, 919 S.W.2d at 310-311 (quoting <u>Howard</u>, 578 S.W.2d at 85), undisputedly embracing the statutory approach. <u>Cleveland</u>, 959 S.W.2d at 353.

This approach is, as observed, the most narrow of the three approaches in determining what constitutes an included offense. Additionally, of the three approaches, this approach is the most widely used. This jurisdiction is but one of few jurisdictions that statutorily impose upon the trial judge the obligation of charging the jury each offense <u>included in the indictment</u> without any request. To require the trial judge to charge every included offense in the indictment under either the evidentiary or pleadings approach would produce nothing less than chaos and, as observed by Justice Cooper in <u>Howard</u>, "the request for instructions [would be] limited only by the imagination and ingenuity of the defendant . . . ." <u>Howard</u>, 578 S.W.2d at 85 (citation omitted).

Again, the indictment in the present charged that the appellant

> did unlawfully attempt to commit the offense of Second Degree Murder in that he . . . did unlawfully and knowingly attempt to kill Eva Itson by use of a deadly weapon . . . and did cause bodily injury to the said EVA ITSON.

This panel concedes that, had Tennessee adopted the pleadings approach, aggravated assault would have been a lesser offense in the present case. However, it is clear that our supreme court has chosen the statutory approach. Thus, in determining what constitutes a lesser offense, the trial court is required to consider only the lesser offenses of the offense charged in the indictment, not the language contained in the indictment. Applying these principles to the case before us requires the finding that aggravated assault is not a lesser included offense of attempt to commit second degree murder. See <i>e.g.,</i> <u>Trusty</u>, 919 S.W.2d at 309; <u>State v. Nolan</u>, No. 01C01-9511-CC-00387 (Tenn. Crim. App. at Nashville,

June 26, 1997), perm. to appeal denied, (Tenn. Mar. 2, 1998). See also Cleveland, 959 S.W.2d at 553.

**Conclusion**

Thus, we conclude that the trial court erroneously submitted to the jury the non-included offense of aggravated assault. As previously noted, the indictment must charge an offense in terms that puts the defendant on notice of the offense with which he is charged so that he may prepare his defense and be protected against double jeopardy. In view of this state's adoption of the "statutory approach" for determining lesser offenses, we conclude that the appellant's conviction for aggravated assault is infirm. Indeed, the appellant was convicted and sentenced for an offense for which he was never charged. As such, the conviction may not stand and we find it unnecessary to address the appellant's remaining issues. The judgment of the trial court is reversed and the appellant's conviction is dismissed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
JOHN EVERETT WILLIAMS, Judge