CORRIGAN, J., Concurring.
I concur in the majority's conclusion that Penal Code section 148, subdivision (a)(1) (hereafter section 148(a)(1))[1] was a lesser included offense of section 69 as alleged in the amended information. Our holding in People v. Barrick (1982) 33 Cal.3d 115, 133 [187 Cal.Rptr. 716, 654 P.2d 1243] (Barrick) compels this result. I write separately to express my view that Barrick’’& interpretation of the accusatory pleading test is ill reasoned and lacks persuasive force. However, because neither party has urged us to overrule Barrick on that point, the question must await another day.
*246 We have employed two tests to determine whether a lesser offense is necessarily included in a charged offense for purposes of the trial court’s instructional duties: “a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.” (People v. Birks (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073], italics added (Birks).) The majority correctly concludes that section 148(a)(1) is not a necessarily included offense of section 69 based on the statutory elements of each crime. This is because section 69 can be violated in two ways, one of which does not necessarily include a violation of section 148(a)(1). (Maj. opn., ante, at pp. 240-242.)
The question is whether a different result follows from the accusatory pleading test. Counts 2 and 5 of the amended information closely tracked the statutory language of section 69. The charging document added the dates of the offenses, the county, defendant’s name, and the names of the victims. It also charged the alternative ways of violating section 69 in the conjunctive “and” rather than the disjunctive “or.”[2]
For the answer, the majority looks to Barrick. There we considered the defendant’s allegation that the court erred by refusing to give an instruction that joyriding (§ 499b) is a lesser included offense of unlawfully driving or taking a vehicle (Veh. Code, § 10851). (Barrick, supra, 33 Cal.3d at pp. 133-135.) Vehicle Code section 10851 can be violated by either driving or taking a vehicle. We observed that joyriding (which involves driving) is not a lesser included offense under the elements test because one can take a vehicle without driving it. (Barrick, at pp. 134-135.) However, we held that, as pled, the charging document did make section 499b a lesser included offense of Vehicle Code section 10851. We noted that the accusatory pleading had alleged Vehicle Code section 10851 in the conjunctive (“driving and taking”). (Barrick, at p. 133.) We concluded that, “by accusing defendant of *247 driving and taking a vehicle without the owner’s permission, [the pleading] necessarily charged both a violation of Vehicle Code section 10851 and of Penal Code section 499b.” (Ibid.) “[A] complaint which charges a defendant with ‘driving and taking’ an automobile necessarily charges that he took the automobile ‘for the purpose of temporarily using or operating the same’ and thus violated section 499b.” (Id. at p. 135.) Thus, we reasoned, “the charging allegation in this case does allege facts that necessarily include the former section within the latter.” (Ibid.)[3]
The Barrick court’s holding unmoored the accusatory pleading test from the principles on which it was based. In my view, charging a defendant in the statutory language coupled with the use of conjunctive pleading should not yield a different result than applying the statutory elements test.
People v. Marshall (1957) 48 Cal.2d 394 [309 P.2d 456] demonstrates the proper application of the accusatory pleading test. There, the information charged that the defendant had committed robbery by “ ‘willfully, unlawfully, feloniously and forcibly takfing] from the person and immediate presence of [the victim] . . . Seventy Dollars . . . and an automobile ....’” (Id. at p. 396, italics added.) The defendant waived jury trial, and the trial court convicted him of taking a vehicle. (Veh. Code, former § 503, now § 10851.) We affirmed, holding that the taking a vehicle charge was necessarily included in the robbery charge under the specific language of the accusatory pleading, which “forthrightly allege [d] not only the statutory language of the greatest offense charged but also known details as to the manner of its commission.” (Marshall, at p. 407.) We reasoned: “Although the statutory definition of robbery does not necessarily include the offense denounced by [former] section 503 of the Vehicle Code, the particular robbery specifically pleaded in the information here includes all the elements of a violation of [former] section 503. It is particularly alleged that the property taken was ‘an automobile.’’ The allegations of the information that the automobile was taken by robbery necessarily import the elements of theft, including the taking of the personal property of one other than defendant, with intent to steal [citations].” (Marshall, at pp. 399-400, italics added.)
By contrast, the use of the conjunctive “and” is not a “fact” alleged in the accusatory pleading. Nor does it effectively incorporate one theory of an offense into another for the purpose of defining the elements of the charged *248 crime. When multiple theories of committing an offense are involved, the prosecution, by pleading the statute in the conjunctive, puts the defendant on notice that he may face conviction under either theory. The prosecution does not, however, assume the burden of proving each theory. In re Bushman (1970) 1 Cal.3d 767 [83 Cal.Rptr. 375, 463 P.2d 727] held that “[w]hen a statute such as Penal Code section 415 lists several acts in the disjunctive, any one of which constitutes an offense, the complaint, in alleging more than one of such acts, should do so in the conjunctive to avoid uncertainty. [Citations.] Merely because the complaint is phrased in the conjunctive, however, does not prevent a trier of fact from convicting a defendant if the evidence proves only one of the alleged acts.” (Id. at p. 775, disapproved on another ground in People v. Lent (1975) 15 Cal.3d 481, 486, fn. 1 [124 Cal.Rptr. 905, 541 P.2d 545]; accord, People v. Lopez (2005) 129 Cal.App.4th 1508, 1532-1533 [29 Cal.Rptr.3d 586].) Accordingly, conjunctive pleading does not necessitate conjunctive proof. It therefore differs from factual allegations “ ' “describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.” [Citation.]’ ” (People v. Lopez (1998) 19 Cal.4th 282, 289 [79 Cal.Rptr.2d 195, 965 P.2d 713], quoting People v. Toro (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577].)
For this reason, the rule in Barrick is inconsistent with our rationale for requiring sua sponte instruction when a greater offense involving a single theory is charged. In Birks, supra, 19 Cal.4th 108, we explained that “[w]hen an accusatory pleading alleges a particular offense, it thereby demonstrates the prosecution’s intent to prove all the elements of any lesser necessarily included offense.” (Id. at p. 118.) As noted, no similar burden arises from the use of conjunctive pleading. The prosecutor retains “discretion to decide which crimes will be charged and on what theory they will be prosecuted.” (People v. Brigham (1989) 216 Cal.App.3d 1039, 1052 [265 Cal.Rptr. 486]; see Birks, supra, 19 Cal.4th at pp. 128-129, 134.) Requiring sua sponte instruction in this circumstance poses risks similar to those identified in Birks, where we did away with the rule requiring instruction on lesser related offenses. In rejecting that rule we explained: “[I]f the prosecution opposes the jury’s consideration of a lesser related offense which the prosecution did not charge, assumed no obligation to prove, and may thus have overlooked in presenting its case, the defendant, under Geiger, has the unqualified right to override the prosecution’s objections. Regardless of prejudice to the prosecution, the defendant may insist that the jury be instructed on the lesser offense, thereby acquiring a third-option hedge against conviction of the charged offense, [f] Where lesser related offenses are concerned, the Geiger rule therefore may actually permit and encourage a one-sided use of the ‘gambling *249 hall’ strategies we have consistently denounced.” (Birks, supra, 19 Cal.4th at p. 128, citing People v. Geiger (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303].)
Barrick represents an unreasoned departure from otherwise settled precedent governing the accusatory pleading test and the trial court’s sua sponte duty to instruct. The accusatory pleading test should not take into account the use of conjunctive pleading alleging two separate ways of violating a statute as set out in the statutory language. In effect, the accusatory pleading in this case states nothing more than the statutory elements. “When, as here, the accusatory pleading describes a crime in the statutory language, an offense is necessarily included in the greater offense when the greater offense cannot be committed without necessarily committing the lesser offense.” (People v. Marshall (1997) 15 Cal.4th 1, 38 [61 Cal.Rptr.2d 84, 931 P.2d 262]; accord, People v. Wolcott (1983) 34 Cal.3d 92, 99 [192 Cal.Rptr. 748, 665 P.2d 520].)
Baxter, J., concurred.

 Subsequent undesignated statutory references are to the Penal Code.

 Count 2 alleged: “On or about April 21, 2008, in the County of Los Angeles, the crime of resisting executive officer, in violation of Penal Code section 69, a Felony, was committed by Dewone T. Smith, who did unlawfully attempt by means of threats and violence to deter and prevent Rowland, Esqueda, Lim, Baker, Moreno, Farino, who was then and there an executive officer, from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty.” (Some capitalization omitted.)
Count 5 alleged: “On or about September 11, 2008, in the County of Los Angeles, the crime of resisting executive officer, in violation of Penal Code section 69, a Felony, was committed by Dewone T. Smith, who did unlawfully attempt by means of threats and violence to deter and prevent Keith Fulkerson, Gudino, Mark Tadrous, Preston, who was then and there an executive officer, from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty.” (Some capitalization omitted.)

 We have applied Barrick’s holding on this point in People v. Moon (2005) 37 Cal.4th 1, 26-27 [32 Cal.Rptr.3d 894, 117 P.3d 591], a capital case involving the same two statutes at issue in Barrick. The Attorney General has challenged Barrick’s reasoning in at least one other case. (People v. Sakarias (2000) 22 Cal.4th 596, 622, fn. 4 [94 Cal.Rptr.2d 17, 995 P.2d 152].) There, we found it unnecessary to revisit Barrick because the lesser offenses were not supported by the facts of the case.