[No. 10,406.]
## THE PEOPLE v. AH GOW.

53  627
Case 2
135  63

VERDICT MUST SPECIFY OFFENSE.—A judgment of conviction will be reversed unless the verdict finds the defendant guilty of the offense charged in the indictment, or some offense included within the offense so charged.

SAME—DUTY OF COURT.—The Court should direct the jury to return their verdict in proper form.

APPEAL from the County Court of Tulare County.

The defendant appealed from the judgment and from an order denying a new trial. The other facts are stated in the opinion.

*Atwell & Bradley*, for Appellant.

*Attorney-General Hamilton*, for Respondents.

By the COURT:

The defendant was indicted for an assault with the intent to commit murder. The verdict entered in the minutes is as follows: "We; the jury, do find the defendant guilty of the indictment as charged to him." These words do not convey any meaning. The jury do not find the defendant guilty of any offense. The Court might surmise that they were of the opinion that the defendant was guilty of some offense; but it is not the province of the Court to ascertain or specify the offense of which the defendant is guilty. The verdict must determine that question.

It is difficult to find any justification or excuse for the entry of such a verdict. The Court may, in any case, instruct the jury as to the form of their verdict; and if it appears from their verdict, as first returned, that they do not know the proper form, it is the duty of the Court to instruct them in that regard, and direct them to return the verdict in such form that the judgment of the law may thereupon be pronounced. Mr. Bishop says: "It seems quite plain that in every case of a verdict rendered, the Judge or prosecuting officer, or both, should look after its form and its substance so far as to prevent a doubtful or insufficient finding from passing into the records of the Court, to create embarrassment afterward, and perhaps the necessity of a new trial. The want of precaution in this matter has led to many adjudications, for which the occasion ought never to have been furnished." (2 Bish. Crim. Prac. sec. 831.)

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.