Filed 12/3/24  P. v. Ratchford CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY RATCHFORD,<br><br>    Defendant and Appellant. | B329082<br><br>Los Angeles County<br>Super. Ct. No. A912598 |

        APPEAL from an order of the Superior Court of Los Angeles County, Amy N. Carter, Judge. Reversed and remanded with instructions.

        Elizabeth K. Horowtiz, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

In 1986, a jury convicted defendant and appellant Jeffrey Ratchford of robbery and first degree murder. In 2019, Ratchford filed a petition for recall and resentencing under what is now Penal Code section 1172.6.[2] The trial court denied Ratchford relief as a matter of law, then made the alternative finding that, if Ratchford *had* made a prima facie showing of entitlement to relief, he would have been entitled to relief because he was not a major participant *in the murder*.

Ratchford appealed, and a different panel of this court reversed the trial court's denial of his petition. (*People v. Ratchford* (Oct. 6, 2021, B305307) [nonpub. opn.].)[3] We concluded the trial court erred in denying relief as a matter of law, and remanded the matter for an evidentiary hearing. (*Ibid.*) We noted the proper inquiry at the evidentiary hearing on remand should be whether Ratchford was a major participant in *the robbery* (not *the murder*) who acted with reckless indifference to human life. (*Ibid.*) On remand, after following this court's instructions, the

---

1    Resolution by memorandum opinion is appropriate because we remand for a new evidentiary hearing without resolving novel issues. (Cal. Stds. Jud. Admin., § 8.1.)

2    All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we refer to the current section number.

3    We take judicial notice of our opinion in case number B305307. (See Evid. Code, § 452, subd. (d).) We rely on it to explain the procedural background that gave rise to the current appeal. (See § 1172.6, subd. (d)(3).)

trial court denied Ratchford relief, finding beyond a reasonable doubt he was guilty of murder under current law, having been a major participant in the robbery who acted with reckless indifference to human life.[4]

Ratchford timely appealed. On appeal, he asserts the trial court's order denying him relief should be reversed for various reasons. We agree with one of them: the trial court did not expressly consider Ratchford's relative youth when the robbery occurred. Ratchford was 21 years old when the crime occurred.

We agree with Ratchford that recent developments in the case law suggest his case should be remanded for a new evidentiary hearing to consider his youth in determining whether he was a major participant who acted with reckless indifference to human life.

*People v. Jimenez* (2024) 103 Cal.App.5th 994 synthesizes the law's evolution in this area, citing recent cases explaining why youth is an important factor courts should consider. (*Id.* at pp. 1003-1005, citing *People v. Jones* (2022) 86 Cal.App.5th 1076, 1092-1093 [remanding a case involving a defendant who was 20 years old at the time of the offense for the trial court to "have a meaningful opportunity to consider Jones's youth as part of the totality of the circumstances germane to determining whether he was a major participant who acted with reckless indifference to human life"]; *People v. Pittman* (2023) 96 Cal.App.5th 400, 417-418 [reversing denial of Pittman's resentencing petition, concluding Pittman's age at the time of the offense [i.e., 21 years old] was relevant, and that "[t]he policy interests underlying the

---

4       A different trial judge than the one who initially denied Ratchford relief presided on remand.

felony-murder cases – that youth is relevant to a criminal defendant's ability to perceive risk and consequences, and therefore to the level of culpability – apply equally in the context of implied malice murder"]; *People v. Hardin* (2024) 15 Cal.5th 834, 846 [the Legislature has raised the cutoff age for youth offender parole hearings to 25 based on "scientific evidence that neurological development, particularly in areas of the brain relevant to judgment and decision making, continues beyond adolescence and into the mid-20's"].)

Of course, we express no view on whether consideration of Ratchford's youth will or should lead to a more favorable outcome for him on remand.

We cannot fault the trial judge for failure to investigate this topic sua sponte. It is, as noted, a relatively new line of inquiry. And neither party raised it below. Nor will we conclude the issue was forfeited and is therefore not subject to review. Appellate courts have the authority to reach a question that has not been preserved, especially where the defendant's substantial rights are at issue. (See, e.g., *People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6; *People v. Espiritu* (2011) 199 Cal.App.4th 718, 725.)[5]

Because we are remanding for further proceedings, we need not reach any of Ratchford's additional contentions.

---

[5]     Because we exercise our discretion to reach Ratchford's youthfulness argument on the merits, we need not address the parties' contentions concerning whether Ratchford's trial counsel was ineffective by not raising youth as a factor.

## DISPOSITION

The order denying Ratchford's petition for resentencing is reversed, and the matter is remanded to the trial court with directions to issue an order to show cause and conduct a new evidentiary hearing. Specifically, the court is directed to decide whether Ratchford was a major participant in the robbery who acted with reckless indifference to human life, and to consider his youth as a factor in its analysis. We express no opinion concerning what finding the trial court should make when answering this factual question.[6]

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, P. J.

We concur:


MORI, J.


ZUKIN, J.

---

6     As discussed in our previous opinion resolving Ratchford's appeal in case number B305307, the trial court must credit the jury's finding that there was not proof beyond a reasonable doubt Ratchford intended to aid another in the killing of a human being.

5